UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS HEALTH FUND,
LABORERS AND EMPLOYERS COOPERATION
AND EDUCATION TRUST FUND, WISCONSIN
LABORERS APPRENTICESHIP AND TRAINING
FUND, and JOHN J. SCHMITT (in his capacity
as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

        Plaintiffs,

  v.                                                  Case No.  15-cv-642

**PROFESSIONAL LANDSCAPE CONTRACTORS, INC.**

        Defendant.
_____

## COMPLAINT
_____

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdictional and Venue

1.    Jurisdiction of this Court upon Defendant Professional Landscape Contractors, Inc. ("Professional Landscape") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and

Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs Laborers Benefit Funds are administered in Dane County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Laborers and Employers Education and Cooperation Trust Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers District Council is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said

labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Defendant Professional Landscape is a domestic corporation organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 2472 Highway NN, West Bend, Wisconsin 53095. Its registered agent for service of process is Daniel A. Lamb, 2472 Highway NN, West Bend, Wisconsin 53095.

## Facts

7. Defendant Professional Landscape is an employer and party in interest in an industry affecting commerce within the meaning of sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)).

8. For all times relevant, Professional Landscape was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Wisconsin Laborers District Council.

9. The Labor Agreements described herein contain provisions whereby Professional Landscape agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Professional Landscape adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Professional Landscape has agreed as follows:

   a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreements;

   b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

   c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

   d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

   e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

   f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12. Professional Landscape has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

   a. failing to make continuing and prompt payments to the Funds and Unions as required by the Labor Agreement and trust agreements for all of Professional Landscape's covered employees; and

   b. failing to accurately report employee work status to the Funds.

13. Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

   (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A) the unpaid contributions,

   (B) interest on the unpaid contributions,

   (C) an amount equal to the greater of –

      (i) interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

   (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

   (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Professional Landscape perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has wholly failed, neglected, omitted and refused to make those payments. Professional Landscape is now indebted to the Plaintiffs as follows:

<u>Audited Period: May 1, 2013 through November 30, 2014</u>:

| | |
|---|---:|
| Wisconsin Laborers Health Fund | $29,940.39 |
| Wisconsin Laborers Pension Fund | 26,862.62 |
| Wisconsin Laborers Apprenticeship and Training Fund | 921.23 |
| Wisconsin Laborers LECET Fund | 323.95 |
| Wisconsin Laborers District Council (Dues) | 3,567.74 |

<u>Unaudited Period: December 1, 2014 to the Present</u>:

| | |
|---|---:|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| Wisconsin Laborers LECET Fund | Unknown |
| Wisconsin Laborers District Council (Dues) | Unknown |

**Claim One - Against Defendant Professional Landscape Contractors, Inc.
Violation of ERISA §§ 502 and 515 (29U.S.C. §§ 1132, 1145)**

16. As and for a first claim for relief against Professional Landscape, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. For purpose of this claim (Claim One), Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Laborers and Employers Education

and Cooperation Trust Fund, and Wisconsin Laborers Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

18.     Due demand has been made upon Professional Landscape for payment of all contributions, interest, and liquidated damages due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19.     Because, as the Funds are informed and believe, Professional Landscape has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

20.     Because Professional Landscape has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiff Funds demand the following relief:

1.     Judgment on behalf of the Plaintiff Funds and against Professional Landscape:

   A.     For $58,048.19, representing contributions, interest and liquidated damages for the audited period May 1, 2013 through November 30, 2014;

      B.      For unpaid contributions, interest and liquidated damages owed to the Funds for the period December 1, 2014 through the date this action was commenced;

      C.      For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

      D.      Actual attorney fees and the costs of this action.

2.      For such other, further or different relief as the court deems just and proper.

### Claim Two - Against Defendant Professional Landscape Contractors, Inc.
### Violation of LMRA § 301 (29 U.S.C. § 185)

21.      As and for their second claim for relief against Professional Landscape, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22.      For purposes of this claim, the Wisconsin Laborers District Council is hereinafter referred to as the "Union."

23.      Due demand has been made upon Professional Landscape for payment of all working dues owed to the Union, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

24.      Because, as the Union is informed and believes, Professional Landscape has not paid timely and prompt working dues owed to the Union, its income is reduced. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Professional Landscape:

    A. For $3,567.74, representing unpaid working dues for the audit period May 1, 2013 through November 30, 2014;

    B. For unpaid contributions, interest, and working dues for the period December 1, 2014 through the date of entry of judgment in this action;

    C. For unpaid contributions, interest, and working dues becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

Dated this 6th day of October, 2015.

    s/Benjamin J. Roovers
Benjamin J. Roovers (SBN: 1092395)
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: bjr@previant.com

Attorneys for Plaintiffs